UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
and STATE OF MICHIGAN,

    Plaintiffs,

ex rel. DAVID FELTEN, M.D.,
Ph.D., et al.,

    Plaintiffs/Relators

v.

WILLIAM BEAUMONT
HOSPITALS, et al.,

    Defendants.
_____/

Case Nos. 2:10-cv-13440
            2:11-cv-12117
            2:11-cv-12515
            2:11-cv-14312

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING DEFENDANT WILLIAM
BEAUMONT HOSPITALS' MOTION TO PARTIALLY DISMISS
RELATOR FELTEN'S FIRST AMENDMENT TO COMPLAINT [114]**

On August 27, 2018, after the parties settled and stipulated to dismissing the majority of the case, Relator David Felten, M.D., Ph.D., filed an amended complaint and added more recent allegations to his retaliation claim. ECF 97.[1] On October 26, 2018, Defendant William Beaumont Hospitals ("Beaumont") filed a motion to partially dismiss Felten's amended complaint. ECF 114. Beaumont argues that the majority of the allegations in Felten's amended complaint are either (1) untimely, or (2) beyond the scope of conduct that 31 U.S.C. § 3730(h) covers. *Id.* at 1770–71. Beaumont does not seek to dismiss Felten's claim for retaliation based on Beaumont

---

[1] All case citations are to 2:10-cv-13440.

1

allegedly halving Felten's budget while still expecting him to accomplish the same goals prior to Felten filing the complaint. *See id.* at 1771. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons below, the Court will grant the motion.

## BACKGROUND

On August 30, 2010, Felten filed a qui tam complaint and alleged that Beaumont was violating the federal False Claims Act ("FCA") and the Michigan Medicaid False Claims Act ("MMFCA") and was retaliating against him in violation of both federal and Michigan law. *See generally* ECF 1. Felten alleged that Beaumont paid improper remuneration to various physicians and physicians' groups in exchange for referrals of Medicare, Medicaid, and TRICARE patients to Beaumont in violation of the Anti-Kickback Statute ("AKS")[2] and Stark Laws. *Id.* He also alleged that Beaumont retaliated against him in violation of 31 U.S.C. § 3730(h) and Mich. Comp. Laws § 400.610c by "continuously and increasingly marginaliz[ing him] due to his insistence that the laws and regulations of the United States be complied with." *Id.* at 91, 95–96.

The Government intervened, and the parties settled most of the case. The Court, on stipulation of the parties, dismissed all claims except the Relators' claims for attorneys' fees and costs and for retaliation. ECF 87, 88. Felten then amended his complaint to add allegations to his retaliation claim regarding conduct that occurred after he filed his initial complaint. ECF 97. Beaumont filed a motion to partially

---

[2] 42 U.S.C. § 1320a-7b(b)(1)–(c)

dismiss the amended complaint. ECF 114. Beaumont now seeks to dismiss all of Felten's claims except his claim for retaliation based on his marginalization before he filed the qui tam complaint, which is similar to the retaliation claim in his initial complaint. *See id.* at 1771.

## STANDARD OF REVIEW

When analyzing a motion to dismiss under Civil Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). To survive a motion to dismiss, "the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Nat'l Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005) (citation omitted). It must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

The Court must analyze a Rule 12(c) motion for judgment on the pleadings with the same standard it would employ for a 12(b)(6) motion to dismiss. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted). The Court accepts as true all well-pleaded material allegations and draws reasonable factual inferences in favor of the non-moving party, but "need not accept as true legal

conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007) (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). The complaint must not only "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)), but also "'raise a right to relief above the speculative level,' and . . . 'state a claim to relief that is plausible on its face.'" *Hensley*, 579 F.3d at 609 (quoting *Twombly*, 550 U.S. at 555, 570). It is not enough to merely offer "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Beaumont seeks judgment on the pleadings as to several of Felten's retaliation allegations because the allegations are time-barred. ECF 114, PgID 1770–71. Beaumont also seeks to dismiss several of Felten's additional retaliation allegations for failure to state a claim under Rule 12(b)(6) because the allegations include conduct after the end of Felten's employment at Beaumont and the relevant retaliation statute covers only current employees. *Id.* at 1771. The Court will address each argument in turn.

I. <u>Relation Back</u>

First, Beaumont seeks judgment on the pleadings as to certain retaliation allegations in Felten's amended complaint because they are time-barred. The statute of limitations for a retaliation claim under 31 U.S.C. § 3730(h) and under Mich. Comp.

4

Laws § 400.610c is three years. *See* 31 U.S.C. 3730(h)(3); *United States ex rel. Yanity v. J&B Med. Supply Co.*, No. 08–11825, 2012 WL 4811288, at *5 (E.D. Mich. Oct. 10, 2012) (finding that when the state false claims act lacks a limitations period it is governed by the state's general tort statute of limitations, and concluding that in Michigan the applicable limitations period is three years).[3] Felten filed his amended complaint on August 27, 2018. ECF 97. Any allegations that predate August 27, 2015 are therefore time-barred unless they relate back to Felten's initial 2010 complaint.

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Sixth Circuit analyzes questions of relation back "not by generic or ideal notions of what constitutes a 'conduct, transaction, or occurrence,' but instead by asking whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007). And here, there are several reasons why Felten's original complaint did not adequately put Beaumont on notice about the new retaliation allegations he added in his amended complaint.

First, the original complaint was sealed, so it is unclear whether that provided Beaumont sufficient notice of any of Felten's claims for purposes of relation back. *See, e.g., Hayes v. Dept. of Educ. of New York City*, 20 F. Supp. 3d 438, 449–51 (S.D.N.Y.

---

[3] Felten does not dispute either statute of limitations. *See* ECF 132, PgID 2419, n.2.

5

2014). Second, the new retaliation allegations in Felten's amended complaint are based on actions taken after the original complaint was filed. *See Kellett v. Memphis Light, Gas & Water*, No. 2:11-cv-3045-JTF-tmp, 2013 WL 6418997, at *4 (W.D. Tenn. Dec. 9, 2013) (adopting report and recommendation of the magistrate judge holding that relation back does not apply to a new retaliation claim when the conduct underlying the new claim occurred after the original complaint was filed, even though the original complaint included a retaliation claim based on other, prior conduct).

Finally, there is not a sufficient "common 'core of operative facts'" between Felten's original retaliation allegations and his newly added allegations to find that the original complaint put Beaumont on notice that it would be called to answer for the conduct alleged in the amended complaint. *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (citation omitted). The relationship between the retaliation allegations in Felten's original and amended complaints more closely resembles the cases *Mayle* lists as not allowing relation back than the ones it lists as allowing relation back. *See id.* at 657–59 (collecting cases). The circuit courts have found relation back in cases when new legal theories were applied to the same facts alleged in the original complaint or when an extra time period of identical, automatically-repeating conduct was added. *See id.* (collecting cases). But they have refused to find relation back when the amendments assert additional instances of wrongful conduct by the same defendant. *Id.* (collecting cases).

Here, Felten's retaliation claim in his original complaint alleged only that Beaumont was marginalizing his influence because of his insistence that Beaumont

comply with applicable laws. ECF 1, PgID 91. But the contested allegations in his amended complaint detail a series of actions Beaumont took to find out whether Felten was a whistleblower and then to suspend him, fire him, and prevent him from obtaining employment elsewhere because it discovered that he was a whistleblower. *See* ECF 97, PgID 1249–52. The new retaliation allegations describe conduct that occurred after Felten filed his original complaint and in response to him filing the complaint. The conduct—going through his personal belongings, suspending him, and firing him—is also different in kind than the prior conduct of marginalizing his influence within the hospital. Felten's original, sealed complaint did not notify Beaumont that it would be called to answer for conduct that allegedly occurred in response to the complaint. His new retaliation allegations do not relate back to his original complaint. Beaumont is therefore entitled to judgment on the pleadings on all challenged pre-August 27, 2015 allegations.[4]

II.     Timely Allegations

Felten alleges that Beaumont terminated his employment in December 2014. ECF 97, 1260–61. Felten's timely allegations—those alleging post-August 27, 2015 conduct—therefore allege post-termination conduct. Beaumont seeks to dismiss Felten's allegations regarding post-termination retaliation and submits that the retaliation provisions of the FCA and the MMFCA do not apply to actions taken after

---

[4] Nothing prevented Felten from amending his complaint to timely add his new retaliation provisions during the seal period, as evidenced by the amended complaints filed by his co-relators during that time. *See In re: Sealed Matter*, No. 2:11-cv-12117, ECF 8 (Carbone's November 9, 2011 amended complaint); *In re: Sealed Matter*, No. 2:11-cv-14312, ECF 27 (Houghton's May 27, 2016 amended complaint).

7

an employee is terminated. *See* ECF 114, PgID 1793–98. The FCA provides a cause of action for "[a]ny employee, contractor, or agent" who is "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment" because he took lawful action in furtherance of an FCA lawsuit. 31 U.S.C. § 3730(h)(1). And the MMFCA provides that "[a]n employer shall not discharge, demote, suspend, threaten, harass, or in any other manner, discriminate against an employee in the terms and conditions of employment" because he took lawful action in furtherance of an MMFCA lawsuit. Mich. Comp. Laws § 400.610c.

"The overwhelming majority of courts that have considered the issue have found that § 3730(h)(1) does not apply to post-employment retaliation." *Potts v. Ctr. for Excellence in Higher Ed.*, 244 F. Supp. 3d 1138, 1143 (D. Colo. 2017) (collecting cases). And, although the Sixth Circuit noted that the legislative history of the FCA "suggests that 'employee' extends to former employees," it did so in dicta and after concluding that 31 U.S.C. § 3730(h)(1)'s use of "employee" has a "plain meaning" that "alone is sufficient to end the inquiry." *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063, 1060 (6th Cir. 2014). The Sixth Circuit "look[s] for Congressional intent in [a statute's] clear language" when Congress speaks plainly in the statute. *Minn. Min. & Mfg. Co. v. Norton Co.*, 366 F.2d 238, 242 (6th Cir. 1966) (collecting cases). And, unlike in *Vander Boegh*, the question here is not who can bring an action under § 3730(h), but rather what type of retaliatory conduct is covered by § 3730(h).

8

The statute is clear that it provides relief only for certain actions taken "in the terms and conditions of employment." 31 U.S.C. § 3730(h)(1). "The plain language of this phrase clearly establishes that Section 3730(h) applies only to the employment context and, therefore, cannot extend to claims for retaliatory action occurring solely after a plaintiff has been terminated from his job." *United States ex rel. Head v. Kane Co.*, 798 F. Supp. 2d 186, 208 (D.D.C. 2011). Because the statutory language is plain, the Court need not look beyond it. Section 3730(h) does not cover Felten's retaliation claims based on conduct occurring after Beaumont terminated him. And the MMFCA's retaliation provision is also limited to actions taken "in the terms and conditions of employment." Mich. Comp. Laws § 400.610c. Neither party cites to any Michigan cases interpreting the provision, and the Court is unaware of any. There is no reason to interpret an identical phrase in the two statutes differently, especially because its meaning is plain. The MMFCA's retaliation provision therefore does not cover Felten's retaliation claims based on conduct occurring after he was terminated.

Because neither the FCA nor the MMFCA's retaliation provisions cover conduct occurring after an employment relationship is terminated, the Court will grant Beaumont's motion. Felten may proceed on FCA and MMFCA retaliation claims based on the one unchallenged allegation that, prior to Felten filing his original complaint in 2010, Beaumont cut the Research Institute's budget in half while still expecting Felten to accomplish the same goals.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Beaumont's motion to partially dismiss Felten's first amendment to complaint [114] is **GRANTED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 1, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 1, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager