UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
and STATE OF MICHIGAN,

    Plaintiffs,

ex rel. DAVID L. FELTEN, M.D.,
Ph.D., et al.,

    Plaintiffs/Relators

v.

WILLIAM BEAUMONT
HOSPITALS, et al.,

    Defendants.
                            /

Case Nos. 2:10-cv-13440
           2:11-cv-12117
           2:11-cv-12515
           2:11-cv-14312

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART RELATOR FELTEN'S MOTION
TO AMEND THE COURT'S JULY 1, 2019 ORDER AND TO
CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL [162]**

On July 1, 2019, the Court issued an order granting Defendant William Beaumont Hospitals' ("Beaumont") motion to partially dismiss Relator David Felten, M.D., Ph.D.'s ("Felten") first amended complaint ("Order"). ECF 159. On July 17, 2019, Relator Felten filed a motion to amend the Order and to certify it for interlocutory appeal. ECF 162. The Court reviewed the motion and, for the reasons below, will grant in part and deny in part the motion.

### BACKGROUND

The Court detailed the relevant background in the Order. *See* ECF 159, PgID 3039–40. The Court adopts that history here.

1

## STANDARD OF REVIEW

When a federal district court determines that an order that is not otherwise appealable "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order." 28 U.S.C. § 1292(b). When a party seeks to file an interlocutory appeal of a non-final order in which the Court did not include the above language, the request "takes the form of a Motion to Certify an Order for Interlocutory Appeal." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875 (E.D. Mich. 2012) (citations omitted). The Court applies 28 U.S.C. § 1292(b) to a motion to certify an order for interlocutory appeal and may grant the motion only if: (1) the order ruled on a question of law, (2) the question of law is "controlling," (3) there is "substantial ground for 'difference of opinion' about" the legal question at issue, and (4) "an immediate appeal [would] 'materially advance the ultimate termination of the litigation.'" *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974); *see also Newsome*, 873 F. Supp. 2d at 875 (condensing the first and second factors into one).

## DISCUSSION

Felten identified two questions addressed by the Order that he seeks to appeal. *See* ECF 162, PgID 3083. Felten frames the first question as "[w]hether a Relator who has pled a *count* of retaliation under 31 U.S.C. § 3730(h) is required, during the seal period, to amend his complaint to add additional *acts* of retaliation?" *Id.* (emphasis in original). Felten frames the second question as: "[w]hether 31 U.S.C. § 3730(h)

2

protects a relator from defendant's retaliation after the defendant has terminated his employment?" The Court will address each question in turn.

I. Relation Back

Regarding Relator's first question, the Court will not reach the other elements of § 1292(b) because it finds that no substantial ground exists for difference of opinion. The Sixth Circuit applies the Rule 15(c)(2) standard to "new allegations in a complaint" even if they are not new claims. *See United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 516–19 (6th Cir. 2007). In *Bledsoe*, the Sixth Circuit permitted relation back only for factual allegations that arose "out of the same conduct, transaction, or occurrence attempted to be set forth in [the relator's] prior pleadings." *Id.* at 518. The Court did not permit relation back for new allegations that merely alleged additional conduct that went to the same "cause of action" that the relator had previously alleged—namely, the relator's claim that the defendants knowingly presented or caused to be presented a false or fraudulent claim for payment or approval, in violation of 31 U.S.C. § 3729(a)(1) and (b). *Id.* at 502–03.

Relator attempts to frame the issue more narrowly by arguing that he "is aware of no case that has held that additional instances of retaliation must be added to a sealed complaint or be forfeited." ECF 162, PgID 3091 (emphasis omitted). The argument is unavailing. Relator did not explain why the sealed nature of his complaint affects the legal standard for the question he originally proposes to appeal—namely, whether specific allegations must satisfy the Rule 15(c)(2) standard or whether Rule 15(c)(2) applies only to new, separate claims. And, indeed, *Bledsoe*

3

was a qui tam action in which the original complaint was sealed. *See Bledsoe*, 501 F.3d at 498 ("Relator filed his complaint under seal[.]"). Because the Court is bound by Sixth Circuit precedent, and the Sixth Circuit does not distinguish between new allegations and new claims for purposes of the relation-back analysis under Rule 15(c)(2), there are no substantial grounds for a difference of opinion about the Court's decision regarding relation back.

II.     Post-Employment Retaliation

Relator's second question, however, merits certification for interlocutory appeal. First, whether 31 U.S.C. § 3730(h) applies to allegations of post-employment retaliatory conduct is a question of law.

Second, it is a controlling question of law. "All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Newsome*, 873 F. Supp. 2d at 876 (quoting *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 915 (E.D. Mich. 2003)). Here, if the Sixth Circuit holds that 31 U.S.C. § 3730(h) applies to allegations of post-employment retaliatory conduct, Felten could proceed on a set of retaliation allegations that the Court dismissed. Felten's post-employment retaliation question is therefore a controlling question of law.

Third, unlike Felten's relation-back question, his post-employment retaliation question presents substantial grounds for difference of opinion. "Substantial ground for a difference of opinion . . . exists 'when . . . the question is difficult and of first impression.'" *Id.* Although the Court held that the language of 31 U.S.C. § 3730(h) is

4

plain, it also acknowledged that the Sixth Circuit had suggested a contrary understanding of the statute in dicta. *See* ECF 159, PgID 3045–46. Because it is a question of first impression in the Sixth Circuit and because the Sixth Circuit suggested a contrary reading to the one the Court adopted here, the Court finds that substantial grounds exist for difference of opinion.

Finally, an immediate appeal would materially advance the ultimate termination of the litigation. "An interlocutory appeal materially advances the litigation when it save[s] judicial resources and litigant expense." *Newsome*, 873 F. Supp. 2d at 878 (internal quotations and citation omitted) (alteration in original). Here, if the parties litigated Felten's one remaining retaliation claim through to its conclusion and then Felten appealed and succeeded based on his post-employment retaliation argument, the Court would have to re-litigate the entire retaliation dispute between Felten and Beaumont. It would save significant judicial resources and litigant expenses to resolve the question at this stage, before proceeding with Felten's remaining retaliation claim. And the case as a whole is in an advanced stage of litigation, even though the parties have only recently begun litigating Felten's amended complaint. Shortly after the Court resolved a partial motion to dismiss in favor of Beaumont, Felten filed the motion to certify for interlocutory appeal. The Court has not held a scheduling conference for Felten's amended complaint and no discovery has occurred.

The Court therefore finds that Felten has met the criteria for certification of interlocutory appeal on the question of whether 31 U.S.C. § 3730(h) applies to

allegations of post-employment retaliatory conduct. As discussed above, however, he has not demonstrated substantial grounds for disagreement over whether the Court can dismiss untimely allegations that do not relate back to the original complaint. The Court will therefore certify the Order for interlocutory appeal only as to Felten's post-employment retaliatory conduct argument.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Relator David Felten, M.D., Ph.D.'s motion to amend the Court's July 1, 2019 order and to certify the order for interlocutory appeal [162] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court's July 1, 2019 opinion and order granting Defendant William Beaumont Hospitals' motion to partially dismiss Relator Felton's first amendment to complaint [159] is **CERTIFIED** for interlocutory appeal only on the question of whether 31 U.S.C. § 3730(h) applies to allegations of post-employment retaliation, and the Order is **AMENDED** accordingly.

**IT IS FURTHER ORDERED** that the case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending an appeal of the Order, and the resolution thereof.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: August 6, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 6, 2019, by electronic and/or ordinary mail.

                                                  s/ David P. Parker
                                                  Case Manager