UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
and STATE OF MICHIGAN,

      Plaintiffs,

ex rel. DAVID FELTEN, M.D., Ph.D.,

      Plaintiff/Relator,

v.

WILLIAM BEAUMONT HOSPITALS,
et al.

      Defendants.

_____/

Case No. 10-cv-13440
Hon. Stephen J. Murphy, III

*Consolidated Administratively with:*
*U.S. ex rel. Karen Carbone v.*
*William Beaumont Hospital*
*Case No. 11-cv-12117*

*U.S. ex rel. Cathryn Pawlusiak v.*
*Beaumont Health System, et al.*
*Case No. 11-cv-12515*

*U.S. ex rel. Karen Houghton v.*
*William Beaumont Hospital*
*Case No. 11-cv-14312*

## UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE UNSEALED

## INTRODUCTION

The government settled these consolidated *qui tam* actions in August 2018.

As is typical in these sorts of cases, upon settlement the government filed a notice

of intervention, the complaints were unsealed, and all subsequent pleadings were

filed on the public record.  However, the pleadings that had been filed before the
government's intervention decision – most of them motions and briefs seeking
extensions of the stay – remained under seal by order of the court.  The court has
now issued an order asking the parties to show cause why those pleadings should
not now be unsealed.

This is the government's response to that order.  Filed along with this
response is a Notice of Filing, appended to which are sealed pleadings with
proposed redactions.  The government would have no objection to the unsealing of
these pleadings as long as the redacted passages remain sealed from public view.
The government has no objection to the complete unsealing of all other pleadings.

## APPLICABLE LAW

In a recent unpublished order, the Sixth Circuit reminded district courts that
wholesale sealing of court filings is disfavored, and that such actions must be
justified "on a document-by-document, line-by-line basis" explaining why
"specific information in the court record meets the demanding requirements for a
seal." *United States of America v. Fazzi Associates, Inc.*, No. 19-4240 (6th Cir.
Dec. 7, 2020)  That order in turn referred courts to *Share Group, Inc. v. Blue Cross
Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), for the relevant standards.

So it is with *Share Group* that we shall begin.  That was a class action alleging that Blue Cross had engaged in price-fixing when it entered into "Most-Favored-Nation" agreements with a number of Michigan hospitals (including, coincidentally, Beaumont).  Those agreements required hospitals to charge other commercial health insurers the same as or more for their services than they charged Blue Cross.  Multiple pleadings in the case, including the briefs and 132 exhibits revolving around class certification, and Blue Cross's *Daubert* motion and its 34 exhibits seeking to exclude the plaintiffs' main expert, were all filed under seal, as was the expert's report.  The case eventually settled for $30 million, about one-quarter of what plaintiffs' damages expert calculated as recompense for the class's damages.  Importantly, much of that amount was unlikely to reach the class members' pockets.  Attorney fees of up to $10 million were part of the settlement, as were expenses of up to $3.5 million, and "incentive awards" of $10,000 to $50,000 for certain named plaintiffs.  Class members who wished to opt out of the class or to object to the settlement were not provided access to the sealed pleadings.  Among their objections was the fact that they could not adequately evaluate the fairness of the settlement without seeing many of the critical filings.  The district court nonetheless approved the settlement.

On appeal, the Sixth Circuit reversed, finding that the lower court and the parties had stumbled out of the gate in their analysis, misapplying the standards of

a Rule 26 discovery protective order to the matter, when in fact the sealed materials had been filed during the case's adjudication stage. *Id.* at 305. As to adjudicative matters, the court held that the extensive sealing of the record compromised the interests of two important groups -- that of the public and that of the objecting class members. As to the former, the appeals court indicated that the trial court failed to vindicate one of the basic principles of the civil justice system -- a "strong presumption in favor of openness" as to court records. *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d, 1165, 1179 (6th Cir. 1983). And when it comes to sealed pleadings, the burden of overcoming that "presumption is borne by the party that seeks to seal them." *In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001). Finally, according to the *Blue Cross* court, the burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). No doubt recognizing but not saying that "sunlight is the best disinfectant," the Sixth Circuit stated that the public is entitled to assess for itself the merits of judicial decisions. *Id.* at 305.

The disregard of the interests of the objecting class members also contributed significantly to the *Blue Cross* court's concerns about the proceedings below. The settlement amount represented a significant discount on the potential damages, and the generous payments to a select few at the very least raised judicial

eyebrows in Cincinnati.  This was all the more reason to mandate that the dissenting members of the class be permitted to view the sealed pleadings, especially the expert report, which articulated the plaintiffs' best case.  Basic notions of fair play mandated such a result, as "[a]ll of the named parties . . . signed on to the proposed settlement only after reviewing the expert report and other sealed documents in the record."  Allowing the settlement to stand without giving the dissenting class members a chance to do the same caused "[t]he Rule 23(e) objection process [to] seriously malfunction[] in this case, and that is reason enough to vacate the district court's approval of the settlement." *Id.* at 309.

A recent out-of-circuit Magistrate Judge's opinion is helpful in applying the *Blue Cross* logic to the matter now before this court.  In *United States ex rel. Smith v. Carolina Comprehensive Health Network,* 2021 WL 325705 (M.D.N.C. February 1, 2021), a *qui tam* action such as this one, the court addressed whether some or all of the government's pre-intervention pleadings should remain under seal.  As here, most of those pleadings were motions and briefs to extend the seal.

The court started its analysis by recognizing two sources favoring open records -- the common law and the First Amendment.  "[The common law] presumption of access ... can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988). *Id. at* \*2.  To decide whether such

countervailing interests overcome the common law presumption, courts consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.,* 743 F.2d 231, 235 (4th Cir. 1984). "Under the more stringent First Amendment standard, the Court may seal material 'only on the basis of a compelling governmental interest, and only if the denial [of access] is narrowly tailored to serve that interest.'" *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). *Id.*

After providing "the public notice of the request to seal and a reasonable opportunity to challenge the request[,]" *Virginia Dep't of State Police v. Washington Post,* 386 F.3d 567, 576 (4th Cir. 2004), the Magistrate Judge adopted the government's request to keep the extension motions under partial seal. It did so because it agreed that those passages that described the government's investigation and techniques, along with its theories of the case, were generally non-public information, the release of which could compromise other investigations. In coming to this conclusion, the court analogized to other areas of the law, such as motions and orders under the Stored Communications Act, to which the public generally has no right of access, either under the First

Amendment or otherwise.  In coming to this conclusion, the court applied standards generally applicable to the sealing of materials under the common law and Rule 26(c).  *Id.* at *4.

## ARGUMENT

### THE RELEVANT PLEADINGS SHOULD BE UNSEALED, RETAINING THE REDACTIONS REQUESTED BY THE GOVERNMENT.

As in the *Carolina Comprehensive Health Network* case, the government has provided the court with the pleadings that it agrees can be mostly unsealed.  Those motions and memoranda for extensions of the seal in all four of the *qui tams* contain only limited requested redactions.  The government has taken a surgical approach with regard to those redactions, which keep from public view only the details of the pre-intervention investigation and the techniques employed by the government when conducting its inquiry.

There is good, indeed compelling, reason to keep those portions under seal. Unscrupulous medical providers with access to the unexpurgated pleadings could connect the dots of the government's investigation in this case and structure their future conduct in such a way as to avoid discovery.  Knowing what the government looks for, what records it requests, the order in which such records are reviewed, and whom it talks to, all are helpful details to the nefarious actor.  The

government's -- and the public's -- interest in successfully exposing those who aim to take unfair advantage of public programs significantly outweighs general policies favoring open court records.

This is especially true here, where that which is sealed arises out of the pre-adjudicative process. Indeed, the analysis falls in the cracks between Rule 26(c) discovery and full-blown adjudication. It is the former that should guide the court here, as was the case in *Carolina Comprehensive Health Network.* Remember, the sealed records in *Blue Cross* all were filed in the heat of litigation, when the chosen few on both sides of the case had free and open access to a multitude of substantive exhibits and reports. Not only the public, but members of the affected class were precluded from examining that which had been subjected to ham-fisted sealing by the parties. And the sealing of those documents had a concrete impact on the dissenting class members' interests, as they could not fairly weigh in on the settlement without seeing them.

Here, the sealed items were filed during the government's investigation, not the litigation process. Had this been a criminal health care fraud investigation, there is no question but that the public would not have access to the government's investigatory materials. So it should be here. How the government goes about investigating a civil health care fraud case is of little public interest, and the United

States' interest in keeping those details under seal surely outweighs the public's in open court records.

There is one other group of pleadings that the government believes should remain largely under seal. Those are the materials revolving around a motion to enforce a Civil Investigative Demand. The pleadings and the attachments contain arguments, charts, and spread sheets relating to Beaumont's assertion of attorney/client and work-product privilege. While the government disagreed strongly with the hospital's broad privilege assertions, the issue was never finally adjudicated. Moreover, the descriptions of those contested materials set forth a road map to the government's investigation. The savvy fraudster who reviewed those materials would have a good idea of what to bury were they to see what is contained in the contested materials that were the subject of the motion to compel. The government would prefer that such an actor not have a head-start on a forthcoming investigation.

## <u>CONCLUSION</u>

For these reasons, the government requests that the court unseal the relevant pleadings, preserving the requested redactions.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

<u>s/Peter A. Caplan</u>
PETER A. CAPLAN (P30643)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9784
peter.caplan@usdoj.gov

February 16, 2021