UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
and STATE OF MICHIGAN,

        Plaintiffs,

ex rel. DAVID L. FELTEN, M.D., Ph.D., et al.,

        Plaintiffs/Relators

v.

WILLIAM BEAUMONT HOSPITALS, et al.,

        Defendants.
_____/

Case No. 2:10-cv-13440

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING**
**MOTION TO REINSTATE ORDER GRANTING PARTIAL DISMISSAL [183]**

Two years ago, the Court dismissed several claims asserted by Relator Felten. ECF 159. In particular, the Court granted judgment on the pleadings to Beaumont under Federal Rule of Civil Procedure 12(c) for Felten's retaliation claims that did not relate back to the pre-August 27, 2015 allegations in his complaint. *Id.* at 3041–44. The Court also dismissed—under Rule 12(b)(6)—Felten's False Claims Act ("FCA") and Michigan Medicaid False Claims Act ("MMFCA") claims. *Id.* at 3046. On those claims, the Court found that 31 U.S.C. § 3730(h) "d[id] not cover Felten's retaliation claims based on conduct occurring after Beaumont terminated him." *Id.* Thus, the only FCA and MMFCA claims remaining related to "one unchallenged

1

allegation that, prior to Felten filing his original complaint in 2010, Beaumont cut the Research Institute's budget in half." *Id.*

The Court later granted "interlocutory appeal only on the question of whether 31 U.S.C. § 3730(h) applies to allegations of post-employment retaliation." ECF 163, PgID 3103. The Sixth Circuit agreed to hear the interlocutory appeal as to that question. ECF 164. The Sixth Circuit ultimately disagreed with the Court's § 3730(h) ruling and held the FCA's anti-retaliation provisions protected former employees alleging post-termination retaliation. ECF 173, PgID 4187. The Sixth Circuit also vacated the Court's order in full, *id.* at 4188, even though the Rule 12(c) order was not certified as the question on interlocutory appeal, ECF 163, PgID 3103.

In the present motion, Beaumont asked that the Court to reinstate the order that dismissed Felten's claims as time-barred: the Rule 12(c) order that the Court did not certify for interlocutory appeal. ECF 183, PgID 4307–08. "In the interest of efficiency, Dr. Felten does not oppose the relief requested in this Motion, subject to and without waiving any rights or arguments he may have to appeal the reinstated portion of the order at the appropriate time." *Id.* at 4297 n.1. After reviewing the motion, a hearing is unnecessary. E.D. Mich. L.R. 7.1(f)(2). The Court will grant the unopposed motion, but for different reasons than Beaumont presented.

## LEGAL STANDARD

The Court has the inherent authority to control its docket. *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516–17 (6th Cir. 2003) (citations omitted). The Court therefore must exercise its judgment to resolve causes on "its docket with

economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

## DISCUSSION

Under 28 U.S.C. § 1292(b), "[t]he court of appeals may not reach beyond the certified *order* to address other *orders* made in the case." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) (emphasis added). "But the appellate court may address any *issue* fairly included within the certified *order* because 'it is the *order* that is appealable, and not the *controlling question* identified by the district court.'" *Id.* (emphasis added and in original) (quoting 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 110.25[1], p. 300 (2d ed. 1995)). The United States Supreme Court recently affirmed that holding. *BP P.L.C. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1540 (2021) ("By allowing appellate courts to review a district court's 'order,' the Court explained, Congress had allowed review of any issue fairly encompassed within it."). In the Supreme Court's view, "appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." *Id.* at 1540 (emphasis in original) (quoting *Yamaha Motor Corp., U.S.A.*, 516 U.S. at 205). Sixth Circuit precedent has reflected the same understanding. *In re Trump*, 874 F.3d 948, 951 n.3 (6th Cir. 2017) ("While the district court's certification in certain places purported to certify a 'question,' 'section 1292(b) authorizes certification of *orders* for interlocutory appeal, not certification of *questions*.' Thus, . . . we retain full discretion to review the district court's order.") (emphasis in original) (citations omitted).

3

Although the Court will grant Beaumont's motion, the Court will not adopt Beaumont's reasoning supporting it. Beaumont's reasoning rested on appeals not taken on interlocutory appeal under 28 U.S.C. § 1292(b). ECF 183, PgID 4305–06; *See Preferred Care of Del., Inc. v. Est. of Hopkins*, 845 F.3d 765, 767 (6th Cir. 2017) ("Because the Federal Arbitration Act forbids us from hearing these challenges, we must dismiss the appeal."); *Chapman v. United States,* 74 F. App'x 590, 592 (6th Cir. 2003) (appealing a 28 U.S.C. § 2255 motion that relied on issuing a certificate of appealability under 28 U.S.C. § 2253); *United States v. Bryant,* 246 F.3d 650, 653 (6th Cir. 2001) (same); *Moody v. Kapica,* 548 F.2d 133 (6th Cir. 1976) (appeal lacked a "final appealable judgment"). Because the cases that Beaumont cited do not address interlocutory appeals under 28 U.S.C. § 1292(b), Beaumont failed to identify the precise issue before the Court.

The precise issue here is the definition of "order" under 28 U.S.C. § 1292(b). The statute's text allows discretionary, interlocutory appeal of an "order" that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b). Under the statute's plain reading, an "order" "refers to a specific direction or command from the district court, not to the document or opinion in which the court explains that direction or command." *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015). As a result, "additional legal questions implicated in one order are different from additional *orders* that are included in one document that happens to be labeled

4

'order.'" *Id.* (emphasis in original). Other federal circuit courts have adopted the same reading of § 1292(b). *Id.* at 700–01 (citing *Homeland Stores, Inc. v. Resolution Tr. Corp.*, 17 F.3d 1269, 1271 (10th Cir. 1994) and *FDIC v. Dye*, 642 F.2d 833 (5th Cir. Unit B Apr. 1981)).

Based on *Little*, therefore, the Sixth Circuit lacked jurisdiction to review the Court's order granting a judgment on the pleadings under Rule 12(c). Two reasons support the finding.

First, the Court's order partially dismissing the complaint resolved two motions from Beaumont. One motion asked for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF 159, PgID 3044 ("Beaumont is therefore entitled to judgment on the pleadings on all challenged pre-August 27, 2015 allegations); *see* ECF 114, PgID 1781–82 ("This Court should dismiss under Federal Rule 12(c) Felten's retaliation claims based on alleged conduct that occurred more than three years before Felten filed his" first amended complaint.). The other motion asked the Court to dismiss—under Rule 12(b)(6)—the retaliation claims stemming from alleged conduct that occurred when Felten was no longer a Beaumont employee. ECF 159, PgID 3041 ("Beaumont also seeks to dismiss several of Felten's additional retaliation allegations for failure to state a claim under Rule 12(b)(6)."); *see* ECF 114, PgID 1782 ("This Court should also dismiss under Federal Rule 12(b)(6) Felten's claim based on retaliation after he was no longer a Beaumont employee."). The Court's order granting the Rule 12(c) motion was therefore a different order than the Court's order that granted the Rule 12(b)(6) motion.

5

Because the Court issued one order under Rule 12(c) and another order under Rule 12(b)(6), the Supreme Court's reasoning in *Yamaha* is not on point. *Yamaha* involved whether an appeals court could address "additional legal questions implicated in one order." *Little*, 805 F.3d at 699. Yet the Court's order, ECF 159, dealt with "additional *orders* that [were] included in one document that happen[ed] to be labeled 'order.'" *Id.* (emphasis in original). Thus, *Little*'s reasoning governs and the Sixth Circuit lacked jurisdiction to review the Rule 12(c) order.

Second, the Sixth Circuit's exercise of jurisdiction over the Rule 12(c) order would undermine § 1292(b)'s purpose. *Id.* at 699 ("Allowing interlocutory appeal of directions or commands in a district court opinion, for the formal reason that the district court labeled the opinion an 'Order,' would be inconsistent with the purpose of § 1292(b)."). Section 1292(b) seeks to promote "the twin aims of judicial and party economy." *Id.* (citing 16 Charles A. Wright et al., *Federal Practice and Procedure* § 3929 (3d ed. 2012)). The Court's order certifying an interlocutory appeal "made explicit that its certification extended only to" the 31 U.S.C. § 3730(h) question. *Id.*; *see* ECF 163, PgID 3103 (the order granting Beaumont's motion to partially dismiss the "complaint [159] is **CERTIFIED** for interlocutory appeal only on the question of whether 31 U.S.C. § 3730(h) applies to allegations of postemployment retaliation.") (emphasis in original). It follows that the Court and the parties never had "the opportunity to evaluate whether interlocutory appeal of the [Court's Rule 12(c)] order[] was warranted." *Little*, 805 F.3d at 699–700. Indeed, the parties did not even brief the Sixth Circuit on the Rule 12(c) order. *See id.* at 700 ("[T]his procedure would

have permitted a proper sequencing of briefs in a cross-appeal."); *see generally* ECF 183-2; 183-4. In the end, the Sixth Circuit simply lacked jurisdiction to vacate the Court's order granting Beaumont's Rule 12(c) motion.

The Court will therefore grant the unopposed motion and reinstate the Rule 12(c) judgment on the pleadings. "Felten may proceed on FCA and MMFCA retaliation claims based on the one unchallenged allegation that, prior to Felten filing his original complaint in 2010, Beaumont cut the Research Institute's budget in half while still expecting Felten to accomplish the same goals." ECF 159, PgID 3046. Beyond that, claims related to other alleged conduct before August 27, 2015 are time-barred. *Id.* at 3044.

**WHEREFORE**, it is hereby **ORDERED** that the motion to reinstate the Court's order granting partial dismissal [183] is **GRANTED**.

**IT IS FURTHER ORDERED** that Felten may **PROCEED** on FCA and MMFCA retaliation claims based on the one unchallenged allegation that, prior to Felten filing his original complaint in 2010, Beaumont cut the Research Institute's budget in half while still expecting Felten to accomplish the same goals. Felten's other alleged conduct before August 27, 2015 is **TIME-BARRED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: August 30, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2021, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager