UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
and STATE OF MICHIGAN,

        Plaintiffs,

ex rel. DAVID L. FELTEN, M.D., Ph.D., et al.,

        Plaintiffs/Relators,

v.

WILLIAM BEAUMONT HOSPITALS, et al.,

        Defendants.
                          /

Case No. 2:10-cv-13440

HONORABLE STEPHEN J. MURPHY, III

**<u>OPINION AND ORDER GRANTING MOTION TO STAY [178]</u>**

On interlocutory appeal, the Sixth Circuit reversed the Court's opinion and order. ECF 173. After the Sixth Circuit returned a mandate, ECF 175, the Court ordered the parties to provide a joint discovery plan, ECF 177. Defendant Beaumont then moved to stay the case while it seeks a writ of certiorari from the Supreme Court. ECF 178. While the parties briefed the motion, the Court held a scheduling conference and issued a scheduling order. ECF 180. The parties fully briefed the motion to stay and, after reviewing the briefs, the Court need not hold a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons below, the Court will grant the motion to stay.

1

## BACKGROUND

After all the parties settled the bulk of the case, Relator Felten's retaliation claims remain. ECF 97. Beaumont then moved to partially dismiss Felten's amended complaint. ECF 114. Beaumont argued that most of Felten's retaliation allegations are beyond the scope of conduct that 31 U.S.C. § 3730(h) covers because that conduct occurred after Felten's employment. *Id.* at 1793–98.

The Court agreed and dismissed the claims alleging post-employment retaliation because "[t]he overwhelming majority of courts that have considered the issue have found that § 3730(h)(1) does not apply to post-employment retaliation." ECF 159, PgID 3046 (quoting *Potts v. Ctr. for Excellence in Higher Ed., Inc.*, 244 F. Supp. 3d 1138, 1143 (D. Colo. 2017) (collecting cases), *affirmed*, 908 F.3d 610 (10th Cir. 2018)). But the Court certified the § 3730(h)(1) question to the Sixth Circuit for interlocutory appeal under 28 U.S.C. 1292(b), ECF 163, and the Sixth Circuit agreed to hear it. ECF 164.

The Sixth Circuit reversed the Court's order and held that 31 U.S.C. § 3730(h)(1) covers post-employment retaliation. ECF 173, PgID 4187. The Sixth Circuit confirmed that the holding created a circuit split with the Tenth Circuit. *Id.* And Judge Griffin dissented from the Sixth Circuit opinion. *Id.* at 4189–96.

After denying Beaumont's petition for a rehearing en banc, ECF 178-3, the Sixth Circuit issued a mandate, ECF 175. A week before the Court held a scheduling conference, Beaumont moved to stay the case. ECF 178. Beaumont informed the Court that it would petition for a writ of certiorari from the Supreme Court to reverse

the Sixth Circuit's opinion. *Id.* at 4222. Beaumont later petitioned the Supreme Court in September. Petition for Writ of Certiorari, *William Beaumont Hospital v. United States ex rel. David L. Felten*, (No. 21-443).

## LEGAL STANDARD

The Court has the inherent power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To resolve motions to stay while a petition for certiorari is pending, the party seeking certiorari "must demonstrate (1) 'a reasonable probability' that [the Supreme] Court will grant certiorari, (2) 'a fair prospect' that the Court will then reverse the decision below, and (3) 'a likelihood that irreparable harm [will] result from the denial of a stay.'" *Maryland v. King*, 567 U.S. 1301, 1302 (2012) (Roberts, C.J., in chambers) (alterations in original) (quoting *Conkright v. Frommert*, 556 U.S. 1401, 1402 (2009) (Ginsburg, J., in chambers)); *see, e.g.*, *Korthals v Cnty. of Huron*, No. 17-10319, 2020 WL 5258475, *3 (E.D. Mich. Sept. 3, 2020) (applying same factors).[1]

## DISCUSSION

The Court retains jurisdiction over the case until the Supreme Court grants certiorari. *United States ex rel. Escobar v. Universal Health Servs., Inc.*, 842 F.3d 103, 106 n.1 (1st Cir. 2016) ("[T]he mere act of filing a petition for certiorari does not

---

[1] The parties agree on the legal standard for granting a stay while a petition for certiorari is pending. ECF 178, PgID 4227; ECF 181, PgID 4276. The Court notes that the Supreme Court has, at times, used slightly different legal standards. *See* Trevor N. McFadden & Vetan Kapoor, *The Precedential Effects of the Supreme Court's Emergency Stays*, 44 Harv. J.L. & Pub. Pol'y 827, 839–41 (2021) (explaining the different formulations that have emerged in Supreme Court orders addressing motions to stay).

3

deprive the district court of jurisdiction over the case."). Because the Court has jurisdiction to rule on the motion to stay, the Court will address the three factors in turn.

To begin, there is a reasonable chance the Supreme Court will grant certiorari. The Sixth Circuit's opinion conflicts with the Tenth Circuit's reading of § 3730(h)(1). ECF 173, PgID 4187; *Potts*, 908 F.3d at 614. When reviewing a petition for a writ of certiorari, the Supreme Court considers whether "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter." Sup. Ct. R. 10(a). Beyond that, the Sixth Circuit's decision here deviates from "[n]early every other federal court that has considered" the same question. ECF 173, PgID 4189, 4193 n.2 (Griffin, J., dissenting) (collecting cases).

Although a bill pending in the United States Senate seeks to abrogate the Tenth Circuit's reading of § 3730(h)(1), the bill does not reduce the likelihood that the Supreme Court will grant certiorari. *See* S. 2428, 117th Cong. § 4 (2021). In some cases, "the Supreme Court's decision to grant a writ of certiorari may turn on whether it appears that the statute at issue will be amended in the near future." Amanda Frost, *Certifying Questions to Congress*, 101 Nw. Univ. L. Rev. 1, 30 (2007). But based on the Court's review, the bill has only been introduced and referred to committee, where it has sat since July. 167 Cong. Rec. S5049-02 (2021). Contrary to Felten's belief, nothing suggests that Congress will pass the bill—let alone pass it soon. ECF 181, PgID 4277–78 (Felten's response brief explaining that the bill is "likely" to pass

4

"given the bipartisan nature of the proposal."). Thus, in theory, there is a reasonable chance that the Supreme Court will grant the petition because of the circuit split and a lack of congressional action.

In practice, there is also a reasonable chance that the Supreme Court will grant the petition because of the counsel who signed Beaumont's petition: former Acting Solicitor General, Neal Katyal. Petition for Writ of Certiorari, *William Beaumont Hospital*, (No. 21-443). Mr. Katyal has recently had "the extreme distinction of surpassing the 20% threshold for petition grants relative to denials." Adam Feldman, *A Very Exclusive Club: Former-SGs' Cert Success*, The Juris Lab (Mar. 1, 2021), https://bit.ly/3fLhI8h [https://perma.cc/PR7L-SMEH]; *cf.* The Supreme Court 2019 Term, *The Statistics*, 134 Harv. L. Rev. 610, Table II.B (2020) (noting that the Supreme Court granted certiorari in 1% of petitions filed). It follows that, from a statistical standpoint, there is an increased probability the Supreme Court will grant certiorari.

Next, "given the considered analysis of courts on the other side of the split, there is a fair prospect that this Court will reverse the decision below." *King*, 567 U.S. at 1303 (Roberts, C.J., in chambers). To be sure, "nearly every other federal court that has considered" the same question, disagrees with the Sixth Circuit's reading of § 3730(h)(1). ECF 173, PgID 4189, 4193 n.2 (Griffin, J., dissenting) (collecting cases).

Last, denying a stay will likely cause irreparable harm. Beaumont bears the burden "to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. United*

*States Dist. Court, S. Dist. Of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Beaumont has met that burden for two reasons.

First, "[i]t would save significant judicial resources and litigant expenses to" allow Beaumont to petition for certiorari and "resolve the [§ 3730(h)(1)] question at this stage." ECF 163, PgID 3102. The Court recently issued a scheduling order for Felten's amended complaint and any discovery completed since then is minimal. *See* ECF 180. Granted, courts "must tread carefully" when granting a stay because "a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396. But a stay would delay the discovery timeline by only several months to allow the Supreme Court to review Beaumont's petition.

Second, bifurcating discovery for Felten's other retaliation claims would be neither cost effective nor efficient. Under a bifurcated discovery, Felten would indeed depose some witnesses more than once. ECF 181, PgID 4286–87. Deposing several witnesses, exchanging several rounds of document review, and proceeding with piecemeal discovery is too great a cost when the delay of a stay is limited to only several months.

In sum, the case is stayed pending the Supreme Court's ruling on the petition for a writ of certiorari. If the petition is denied, then the stay will terminate, and the Court will issue a new scheduling order. If the petition is granted, then the stay will continue until the Supreme Court issues a mandate.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to stay [178] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **STAYED** pending Beaumont's petition for a writ of certiorari.

**IT IS FURTHER ORDERED** that the parties must promptly **SUBMIT** a notice to the Court explaining the ultimate resolution of Beaumont's petition for a writ of certiorari.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: September 30, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2021, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager