IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF MICHIGAN, <br><br> Plaintiffs, <br><br> ex rel. DAVID FELTEN, M.D., Ph.D., <br><br> Plaintiff/Relator, <br><br> v. <br><br> WILLIAM BEAUMONT HOSPITALS, <br><br> Defendant. | Case No. 2:10-cv-13440 <br> Hon. Stephen J. Murphy, III <br> Magistrate Judge R. Steven Whalen |

## JOINT DISCOVERY PLAN

Plaintiff David Felten, M.D., Ph.D. (Felten) and William Beaumont Hospital (sued as William Beaumont Hospitals) (Beaumont), through counsel, submit the following Joint Discovery Plan pursuant to this Court's January 26, 2022 Order and Federal Rule of Civil Procedure 16.

1. **Jurisdiction**. Felten asserts that this Court has jurisdiction pursuant to the federal False Claims Act, 31 USC § 3729 *et seq*. Beaumont does not object to this Court's jurisdiction.

2. **Jury Trial:** This case is to be tried to a jury.

3.     **Statement of the Case.**

A.     **Felten's Statement of the Case:** Felten alleges that his former employer, Beaumont, violated the Anti-Kickback Statute and federal and state False Claims Acts and that, in retribution for his objecting to and reporting the fraudulent schemes, he suffered retaliation, including marginalization, decreased budget with the same or additional work load, forced retirement/constructive discharge, and blacklisting, which has damaged him in an amount to be proven at trial.

B.     **Beaumont's Statement of the Case:** Felten claims Beaumont retaliated against him because Felten referred the now settled qui tam case to federal authorities. Felten's last day working at Beaumont was in December 2013 and his last day as an employee was in December 2014. His claims fall into two temporal categories: alleged retaliation before and after August 27, 2015. This is the only pre-August 2015 claim that survived Beaumont's earlier motion to dismiss: "prior to Felten filing his original complaint in 2010, Beaumont [allegedly] cut the Research Institute's budget in half while still expecting Felten to accomplish the same goals." (ECF No. 184, PageID.4461; see also, ECF 159). "Felten's other alleged conduct before August 27, 2015 is TIME-BARRED." (ECF No. 184, PageID.4461).

This Court is very familiar with Felten's post-August 27, 2015 claims.

2

At bottom, Beaumont denies Felten's allegations.

4.     **Pendant State Claims**: This case includes a pendant state claim for alleged retaliation under the Michigan Medicaid False Claims Act, M.C.L. §400.610c (ECF No. 97, PageID. 1264-1265). Subject to its objection to Felten litigating claims this Court previously determined were time barred (ECF No. 159), Beaumont does not object to this Court retaining jurisdiction over Felten's pendant state claim under M.C.L. §400.610c.

5.     **Joinder of Parties and Amendment of Pleadings**. The parties do not expect to file any motions for joinder or to amend their pleadings.

6.     **Disclosure and Exchanges**. The parties are unable to agree on a specific additional voluntary production but agree to exchange the information required in Federal Rule of Civil Procedure 26(a).

7.     **Discovery**. The parties acknowledge that if the Court believes that discovery motions have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing of the motions from the Court to the parties.

The parties recommend the following discovery plan:

| | |
|---|---|
| Discovery Begins: | February 11, 2022 |
| Initial Disclosures Due: | Previously exchanged |
| Witness List Disclosures Due: | May 31, 2022 |
| Expert Disclosures Due: | July 15, 2022 |
| Discovery Ends: | August 31, 2022 |
| Dispositive Motions Due: | September 30, 2022 |

3

8. **Disclosures/Discovery of Electronically Stored Information:** The parties have discussed the fact that the age of the case/allegations means that legacy systems for ESI, if any, may be implicated and accordingly, there is likely a need for early conferencing as to ESI. The parties have agreed to exchange their initial written discovery and then confer further, with the intention of creating a joint plan for ESI review and production. Beaumont reserves its rights to seek a protective order limiting the scope of ESI discovery or to impose cost sharing or shifting, and Felten reserves all objections to the same. Either party will seek this Court's assistance if the parties reach an impasse during those discussions.

9. **Assertion of Claims of Privilege or Work—Product Immunity After Productions.** Felten and Beaumont will comply with Federal Rule of Evidence 502(b) if either inadvertently produces privileged or work-product materials in this matter.

10. **Motions** The parties acknowledge that E.D. Mich. LR 7.1 requires a moving party to ascertain whether any motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1. All nondispositive motions shall be accompanied by a certificate setting forth in detail the efforts of the moving party to comply with the obligations created by Rule 7.1. All discovery motions shall be accompanied by a

certificate and any relevant documentary or correspondence detailing the movant's attempt to seek resolution of the discovery dispute before filing the motion.

The following dispositive motions are contemplated by each party:

    **A.** **Felten:** At this time, Felten does not contemplate filing any dispositive motions; however, he may revisit that decision after discovery as to a motion for summary judgment or partial summary judgment.

    **B.** **Beaumont**: Beaumont anticipates filing a motion for summary judgment on the merits of Felten's retaliation claims.

**11.** **Alternative Dispute Resolution**: The parties acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution and recommend that this case be submitted to the following methods of alternative dispute resolution: facilitative mediation (E.D. Mich. LR 16.4), case evaluation (E.D. Mich. LR 16.5 and MCR 2.403), settlement conferences (E.D. Mich. LR 16.6), and other procedures (E.D. Mich. LR 16.7).

    **A.** **Felten's Position:** Felten continues to be open to alternative dispute resolution, but agrees that if Beaumont feels ADR is premature, then such is unlikely to be productive. As of this time, Felten is open to discussion of ADR to follow discovery.

    **B.** **Beaumont's Position**: Alternative dispute resolution, such as facilitated mediation, is premature. But if this Court were to require some form of

ADR after the close of discovery, then Beaumont respectfully suggests that it would be appropriate to submit this matter to combined facilitation and case evaluation with Magistrate Judge R. Steven Whalen. Magistrate Judge Whalen could initially meet with the parties for facilitated mediation under E.D. Mich. LR 16.4, and absent reaching settlement, issue a case evaluation award subject to E.D. Mich. LR 16.5 and MCR 2.403.

` 12. **Length of Trial**: Counsel estimate the jury trial will last approximately 10 days total, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows: (i) six days for jury selection, opening statements, and Felten's case; and (ii) four days for Beaumont's case and closing arguments.

13. **Electronic Document Filing Systems.** Counsel acknowledge that Local Rule 5.1 requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the party has been excused from electronic filing on a motion for good cause shown. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) acknowledge that they must submit their documents to the Clerk on paper in a form complying with the requirements of the local rules. Counsel opposing a pro se party acknowledges that they must file documents electronically but serve pro se parties with paper documents in the traditional manner.

**15.** **Other:** The parties discussed the format for party and non-party depositions. They have agreed to conduct party depositions in person and to reserve the option of scheduling non-party depositions using a remote service, such as Teams or Zoom. Each party, however, reserves the option of conducting third-party depositions in person.

Date: February 4, 2022

Respectfully submitted,

*/s/ Julie K. Bracker*
Julie Bracker (Admitted to E.D. Mich.)
Georgia Bar No. 073803
Bracker & Marcus
3355 Lenox Road
Suite 660
Atlanta, Georgia 30326
(770) 988-5035
julie@fcacounsel.com

*/s/ Michael R. Turco*
Michael R. Turco (P48705)
Brooks Wilkins Sharkey & Turco
401 S. Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 971-1713
turco@bwst-law.com