UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
and STATE OF MICHIGAN,

    Plaintiffs,

ex rel. DAVID L. FELTEN, M.D.,
Ph.D., et al.,

    Plaintiffs/Relators

v.

WILLIAM BEAUMONT
HOSPITALS, et al.,

    Defendants.
_____/

Case No. 2:10-cv-13440

HONORABLE STEPHEN J. MURPHY, III

## STIPULATED PROTECTIVE ORDER

This matter coming before the Court on Dr. Felten and William Beaumont Hospital's stipulation, and the Court being duly advised in the premises, states:

**IT IS HEREBY ORDERED:**

1. **Scope.** All materials produced in the course of discovery by or on behalf of any party, non-party, or witness in connection with the above- captioned matter, including without limitation initial disclosures, subpoenas, responses to discovery requests, deposition testimony and exhibits, expert testimony, disclosures, and reports (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning Confidential Information as defined below. As used herein, "Producing Party" shall refer to any party to the above-

1

captioned matter and to any non-party who produces Discovery Material, and "Receiving Party" shall refer to any individual who properly receives, is shown or is exposed to Discovery Material. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or written agreement; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (c) personally identifying information (PII); (d) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (e) personnel or employment records. Information and documents that are available to the public may not be designated as Confidential Information.

3. **Designation.**
   (a) A party may designate Discovery Material as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the Discovery Material and on all copies in a manner that will not interfere with the legibility of the document. As used

in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the Discovery Material is produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to Discovery Material does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discovery Material marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of Discovery Material as Confidential Information is a certification by an attorney or third-party

    appearing pro se that the document contains Confidential Information as defined in this Order.[1]

 (c) The designation of any Discovery Material as Confidential shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for twenty (20) calendar days following receipt of the final transcript (i.e., the first transcript not designated "Draft" or "Rough" by the court reporter) by counsel for the Producing Party, but not thereafter unless, before the twenty (20) calendar day period has expired, counsel for the Producing Party serves a Notice of Designation to all parties of record as to specific portions of the testimony that are designated as Confidential, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. **Protection of Confidential Material.**

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Eastern District of Michigan unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction of this Court on the subject matter of the designation.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation (including any appeal thereof). Nothing in this Order shall preclude a party or its counsel (1) from showing Confidential Information to an individual who prepared or authored the Discovery Material prior to the filing of this Action; (2) from using or disclosing its own Confidential Information; or (3) from using or disclosing any information or documents obtained legally from a source not governed by this Order.

(b) Disclosure Of Confidential Information. Unless otherwise directed by the Court or authorized in writing by the Producing Party, counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any person or entity except as set forth in subparagraphs (1)–(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the above-captioned matter;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed or who are requested to provide testimony in the above-captioned matter.

(3) The Court. The Court and its personnel and all appropriate courts of appellate jurisdiction and their personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions or otherwise recording and transcribing testimony;

(5) Contractors. Service contractors, including document copy services, outside vendors hired to process electronically stored documents, jury consultants and graphic artists.

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of the above-captioned matter;

(7) Witnesses at depositions. During their depositions, witnesses in the above-captioned matter to whom

disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Non-party witnesses. Non-party witnesses and their counsel, only to the extent that such information was written by, or to, such witness, or where counsel believes in good faith that the witness knows or should know of the existence and content of such information.

(9) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(10) Others by Consent. Other persons only by written consent of the producing party or upon order of the

7

        Court and on such conditions as may be agreed or ordered.

Confidential Information shall not be disclosed to persons described in Paragraphs 5(b)(5)–(6) unless and until such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c)     Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order (or an electronic copy of same) for a period of three years after the termination of the case.

(d)     Discovery Material Produced by Third Parties. Third parties may designate as Confidential deposition transcripts of their witnesses and any documents or information they produce, either voluntarily or by subpoena, to the same extent and in the same manner as parties to the above-captioned matter, and any such Discovery Material shall be treated by the parties to this matter in the same manner as Discovery Material so designated by a party. Third parties shall have the same rights and obligations under this Order as parties and may move the Court to enforce the provisions of this Order in the same manner described herein.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as or containing Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.4.

8. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded

by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

    (a)    Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

    (b)    Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this

procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information (as applicable) under the terms of this Order.

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

    (a) If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or

>   document designated in this action as Confidential Information, the Receiving Party must so notify the Producing Party, in writing, as soon as practicable and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.
> 
> (b) The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.
> 
> (c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Producing Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in the above-captioned matter to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while

the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Obligations on Conclusion of Litigation.**

    (a)    Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b)    Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 3(a), shall be destroyed[2] unless the document has been offered into evidence or filed without restriction as to disclosure;

    (c)    Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to destroy documents, counsel of record in the above-captioned matter may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that

---

[2] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

work product does not duplicate verbatim substantial portions of Confidential Information, (2) one complete set of all documents filed with the Court, including those filed under seal; (3) transcripts of testimony and exhibits; and (4) correspondence for archival purposes. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

14. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Advice of Counsel.** Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to the above-captioned matter and, in the course thereof, relying in a general way upon his or her examination of Confidential Information produced or exchanged in the above- captioned matter; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view Confidential Information, the attorney shall not disclose the contents of Confidential Information produced by any other party or non-party.

17. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 24, 2022

Stipulate to entry:

/s/ *Julie Bracker* (w/consent)  /s/ *Michael R. Turco*
Julie Bracker   Michael R. Turco
Attorney for Dr. Felten   Attorney for Beaumont